IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON MCFADDEN, )
)
    Plaintiff, )
)
  -vs- ) Civil Action No. 16-1007
)
NANCY A. BERRYHILL,[1] )
ACTING COMMISIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Jason McFadden ("McFadden") brings this action seeking judicial review of the ALJ's decision denying a claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). McFadden filed applications in March of 2013 alleging both physical and mental impairments with an onset date in January of 2012. (R. 47) He appeared and testified at a December 8, 2014 hearing, as did a vocational expert. (R. 47) The ALJ denied McFadden's claim, finding him capable of medium level work with certain restrictions. (R. 55) McFadden has appealed and challenges the ALJ's decision in several respects. Pending are Cross Motions for Summary Judgment. Docket no. 8 and Docket no. 10. After careful consideration, I find McFadden's arguments to be unpersuasive. Consequently, the ALJ's decision is affirmed.

### Legal Analysis

---

[1] Nancy A. Berryhill because acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

1

1. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

2. Credibility

McFadden faults the ALJ for violating the applicable regulations by presuming him to be "less credible simply because he was a drug addict." *See* ECF docket no. 9, p. 9. McFadden cites to SSR 13-2p which provides guidance in evaluating cases involving drug addiction and alcoholism ("DAA"). *See* 13-2p, 3013 WL 621536 (2013). Yet other than a passing reference to the case law, McFadden's argument is wholly undeveloped. Analysis of this issue requires the application of law to fact. McFadden has fallen short in this regard. Bare conclusory assertions are not enough to merit consideration. *See Pennsylvania v. U.S. Dept. of Health and Human Services*, 101 F.3d 939, 945 (3d Cir. 1996) (stating that conclusory assertions are not enough and that arguments presented in such a fashion are waived).

Nevertheless, even if I was to consider McFadden's argument on the merits, I would find that the ALJ's decision is supported by substantial evidence of record and is in accordance with the applicable case law and regulations. It is well-established that the ALJ is charged with the responsibility of determining a claimant's credibility. *Baerga v. Richardson*, 500 F.3d 309, 312 (3d Cir. 1974). "The ALJ's decision 'must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicators gave to the individual's statements and the reason for that weight. S.S.R. 96-7p.'" *Grissinger v. Colvin*, Civ. No. 15-202, 2016 WL 5919937 at * 2 (W.D. Pa. Oct. 11, 2016). Generally an ALJ's credibility assessment is entitled to great deference. *Zirnsak v. Colvin*, 777 F.3d 607, 612 (3d Cir. 2014); *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). Here, the ALJ followed the appropriate two-step process when assessing pain. First she assessed whether

3

McFadden had "an underlying medically determinable physical or mental impairment(s) … that could reasonably be expected to produce the claimant's alleged pain or underlying symptoms." (R. 55) Second, she evaluated "the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities." (R. 55) The ALJ found that although the impairments could reasonably be expected to produce some of the symptoms he alleged, "the claimant's December 2014 hearing testimony and other attributed assertions of record concerning the intensity, persistence and limiting effects of such impairment-related symptoms are … found to be only partially credible." (R. 56) After a review of the record, I find that the ALJ followed the proper method in assessing McFadden's credibility. (R. 55-56) Moreover, I find that the ALJ's determination is sufficient such that I can make a proper and meaningful review. Finally, I find that the ALJ's opinion is supported by substantial evidence of record. (R. 55-56) Therefore, I find no error in this regard and remand is not warranted.

    3. <u>Step 3 - Listings</u>

McFadden also contends that the ALJ erred at third step of the sequential analysis. In Step 3 of the analysis set forth above, the ALJ must determine the if the claimant's impairment(s) meets or is equal to one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, Appx. 1. *Jesurum v. Sec. of Health and Human Serv.*, 48 F.3d 114, 117 (3d Cir. 1995). According to McFadden, he satisfies the requirements of Listing

12.05C and, as such, is disabled. *See* ECF docket no. 9, p. 11-20.[2] Listing 12.05C provides, in relevant part:

> Intellectual disability refers to significantly subaverage general intellectual function with deficits in adaptive function initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
> …
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing additional significant work-related limitation or function. 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, § 12.05.

20 C.F.R. Pt. 404, Appx. 1, § 12.05.

Here, the ALJ "entirely reject[ed] the contention advanced to the effect that the claimant has evidenced any condition that fully satisfies any relevant severity criteria of listing 12.05." (R. 54) The ALJ acknowledged that intelligence testing done in August of 2010 resulted in a score which merited consideration under 12.05C, but stated that consideration of the entire record convinced her that McFadden failed to satisfy the standard. The ALJ explained, "[a]s a high school equivalency graduate, possessed of a driver's license and a semi-skilled, full-time work history of more than 16 years, it is clear that the claimant [has] not evidenced such 'significantly subaverage intellectual functioning initially manifested during the developmental period' as is required by the threshold language of listing 12.05 in order to warrant further evaluation under any of its other provisions." (R. 54) The ALJ's reliance upon a high school equivalency degree, a steady job for over 17 years (particularly where testimony of record indicates that McFadden separated from employment not because of subaverage intellectual

---

[2] A newly promulgated Listing 12.05 became effective in January of 2017 but it does not apply in this instance because the revisions were not in effect at the time the ALJ issued her decision. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 F.R. 66138-01, 2016 WL 5341732 (Sept. 26, 2016).

functioning but because of legal issues), and an expert's opinion that the claimant was of "average intelligence",[3] is appropriate and constitutes substantial evidence of record, particularly given the absence of any evidence demonstrating that McFadden's intellectual limitations manifested during the "developmental period."

McFadden offers very little in opposition to the ALJ's conclusion in this regard. McFadden refers to school records, but those records do not reveal an IQ of 60-70 or placement in special education classes. In fact, they indicate that McFadden achieved C's and B's with regularity. (R. 308-313) McFadden also references Dr. Detore's mental evaluation. Certainly Dr. Detore found McFadden to suffer from a learning disorder, but noted that "[i]t is difficult to ascertain not knowing his premorbid intellectual functioning but there may be some cognitive diminishment related to the claimant's current interferon treatment and the long usage of opiates." (R. 464) McFadden has not identified anywhere in the record where Dr. Detore opined that McFadden's intellectual limitations manifested "during the developmental period," as is required under the threshold language of § 12.05. McFadden's reliance upon Dr. Groves' testimony is also misplaced. Although Dr. Groves assessed McFadden as having an "extremely low" full scale IQ, she also noted that McFadden denied taking special education classes in school and that he worked at the same job for 17 years before quitting. (R. 468-473) Dr. Groves never suggests that McFadden displayed "significant subaverage intellectual functioning" initially manifested during the developmental period. Further, as the ALJ noted, Dr. Groves reported that McFadden's opioid dependence was in "early full remission." Yet he tested positive for cocaine and benzodiazepines in March of 2014

---

[3] Dr. Brinkley, a psychiatrist, who treated McFadden estimated McFadden's intelligence, on repeated occasions, to be average. (R. 819, 821, 823, 825, 827

6

"despite past drug test failures and related warnings." (R. 54) Dr. Groves also noted that McFadden reported during a session that he was unable to work "due to pain and addiction," rather than because of "intellectual challenges."[4] Thus, as the ALJ found, Dr. Groves' "estimations appear based at least in part upon a questionable presumption of the claimant's ongoing abstinence from substance abuse." (R. 54) In short, McFadden has not persuaded me that the ALJ's decision in this regard lacks substantial evidentiary support or is otherwise erroneous. Accordingly, remand is not appropriate.[5]

---

[4] Other evidence of record suggests that McFadden was terminated from his job for missing funds. (R. 470)
[5] Because I find that the ALJ did not err with respect to the analysis at Step 3, and because I find no errors with respect to the ALJ's credibility assessment, I need not address McFadden's suggestion that the ALJ failed to perform a proper DAA analysis.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON MCFADDEN, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | Civil Action No. 16-1007 |
| NANCY A. BERRYHILL,[6] ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) | |
| Defendant. | ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 21st day of March, 2017, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Docket no. 8) is denied and Defendant's Motion for Summary Judgment (Docket no. 10) is granted.

                                          BY THE COURT:

                                          /s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017.